**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **SIDNEY LOGWOOD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No: 11cv4932** |
| | ) | |
| **OFFICER RODRIGUEZ #5099,** | ) | |
| **OFFICER CHEN # 13176,** | ) | |
| **OFFICER WILLIAMS #5503,** | ) | **Judge: Der-Yeghiayan** |
| **OFFICER CLAY #17684, and** | ) | |
| **THE CITY OF CHICAGO,** | ) | **Magistrate Judge: Gilbert** |
| **A MUNICIPAL CORPORATION** | ) | |
| | ) | **JURY DEMANDED** |
| **Defendants.** | ) | |

### SECOND AMENDED COMPLAINT

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. Sections 1983 and 1988; 28 U.S.C. Sections 1331 and 1343 (a); and the Constitution of the United States, and supplemental jurisdiction under 28 U.S.C. Section 1367.

2. Plaintiff Sidney Logwood is an African American male, a citizen of the United States, and a resident of Chicago, Illinois.

3. Defendant Officer Rodriguez, #5099, is a police officer, is employed by the City of Chicago, and was at all times relevant to the facts alleged in this complaint, acting within the scope of his employment and under color of law. Officer Rodriguez is being sued individually.

4. Defendant Officer Chen, # 13176, is a police officer, is employed by the City of Chicago, and was at all times relevant to the facts alleged in this complaint, acting within the scope of his employment and under color of law. Officer Chen is being sued individually.

5. Defendant Officer Williams, #5503, is a police officer, is employed by the City of Chicago, and was at all times relevant to the facts alleged in this complaint, acting within the scope of his employment and under color of law. Officer Williams is being sued individually.

6. Defendant Officer Clay, #17684, is a police officer, is employed by the City of Chicago, and was at all times relevant to the facts alleged in this complaint, acting within the scope of his employment and under color of law. Officer Clay is being sued individually.

7. The City of Chicago is a municipal corporation within the State of Illinois and was all times material to this Complaint, the employer of defendant police officers.

8. On or around March 27, 2011 in the early morning, Plaintiff Sidney Logwood was leaving his children's apartment, after paying them a visit at their mother's home located at 7108 South Normal in Chicago, Illinois.

9. Plaintiff took a seat in the stairwell, as he waited for his phone and other items he had inadvertently left inside the residence to be brought to him.

10. While sitting in the stairwell, Plaintiff was approached by Officer Chen and Officer Rodriguez.

11. Officer Chen told Plaintiff he was loitering and trespassing and demanded Plaintiff leave the building immediately.

12. Mr. Logwood explained to Officer Chen that his had been visiting his children who resided with their mother in the building and that he was currently waiting on their mother to bring him his things.

13. Officer Chen ignored Mr. Logwood's reasonable explanation and nevertheless demanded that Mr. Logwood leave the building immediately.

14. Officer Rodriguez then struck Plaintiff in the face with handcuffs.

15. While Plaintiff's feet were planted on the staircase, Officer Chen purposely stepped on Plaintiff's feet and ankles, fracturing Plaintiff's left ankle and leaving Plaintiff reeling in pain.

16. The Defendant Officers then handcuffed Plaintiff and placed him under arrest.

17. Defendant Officers Williams and Clay subsequently arrived on the scene to assist in the arrest.

18. Despite the obvious pain Plaintiff was in, Defendant Officers still insisted that Plaintiff stand up on his feet and leave the building.

19. Mr. Logwood then explained to the officers that he was in excruciating pain and unable to walk.

20. Officer Chen and another Defendant Officer ignored Plaintiff and proceeded to pull him up off the ground, forcing him to stand.

21. One of the Defendant Officers then pushed Plaintiff in the back, causing him to fall down a flight of stairs, resulting in Plaintiff suffering an even greater amount of pain.

22. Since Plaintiff was unable to walk, he was carried to a squad car by the officers and transported to the station.

23. Plaintiff was subsequently charged with trespassing and battery.

24. While at the station, Plaintiff remained in pain until several hours later, when he was rushed to the emergency room at Holy Cross Hospital.

25. Upon arrival at Holy Cross Hospital, Mr. Logwood was x-rayed and diagnosed with a closed ankle fracture.

26. On May 13, 2011, Plaintiff went to court to face the charges that the officers had falsely levied against him. Both charges were dismissed.

27. As a direct and proximate result of Defendant Officers' actions, as detailed above, Plaintiff Sidney Logwood has suffered and continues to suffer, physical injuries, mental distress, humiliation, loss of liberty, loss of income and other financial losses.

## COUNT I

### (42 U.S.C. SECTION 1983-EXCESSIVE FORCE CLAIM)

28. Plaintiff Sidney Logwood alleges and re-alleges paragraphs 1 through 27 as fully set forth above.

29. As a result of the unreasonable and unjustifiable attack on Plaintiff Sidney Logwood, he suffered both physical and emotional injuries.

30. This unreasonable and unjustifiable beating of the Plaintiff Sidney Logwood by Defendant Officers was a direct and proximate cause of his pain, suffering and mental anguish. The above acts by the individual Defendant Officers Rodriguez, Chen, Williams and Clay violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizures, in addition to a violation of 42 U.S.C. Section 1983.

**WHEREFORE**, Plaintiff Sidney Logwood demands compensatory damages against Defendant Officers Rodriguez, Chen, Williams and Clay and because the Defendants acted maliciously, willfully and/or wantonly, Plaintiff demands punitive damages from each individual Defendant Officer plus costs, attorneys' fees, and such other additional relief as this Court deems equitable and just.

4

## COUNT II

### (42 U.S.C. SECTION 1983-FALSE ARREST)

31.    Plaintiff Sidney Logwood alleges and re-alleges paragraphs 1 through 27 as fully set forth above.

32.    The above acts of the Officers Rodriguez, Chen, Williams and Clay were willfully and wantonly done without probable cause and were a direct and proximate cause of Mr. Logwood's pain, suffering and mental anguish, and therefore violated the Plaintiff's Fourth Amendment right to be free from unreasonable arrest, search and seizure.

**WHEREFORE**, Plaintiff Sidney Logwood demands compensatory damages against Defendant Officers Rodriguez, Chen, Williams and Clay, and because the Defendants acted maliciously, willfully and/or wantonly, Plaintiff demands punitive damages from each individual Defendant, plus costs, attorney's fees, and such other additional relief as this Court deems equitable and just.

## COUNT III

### (42 U.S.C. SECTION 1983- CONSPIRACY)

33.    Plaintiff Sidney Logwood alleges and re-alleges paragraphs 1 through 27 as fully set forth above.

34.    Officers Rodriguez, Chen, Williams and Clay reached an understanding, engaged in a sequence of events or course of conduct, and otherwise agreed and conspired together to violate the constitutional rights of the Plaintiff.

35.    Each Defendant did reach this understanding and agreement, and did engage in this course of conduct with the mutual purpose, objective, and knowledge that it would deprive the

Plaintiff of his rights, privileges and immunities, as guaranteed by the Constitution and laws of the United States.

36.     Additionally said conspiracy/joint action violated Plaintiff's Fourth Amendment rights, under color of law, in violation of 42 U.S.C. Section 1983, and was a direct and proximate cause of his pain, suffering and mental anguish.

37.     Acting in furtherance of this plan and conspiracy, each of the Defendants committed overt acts, including, but not limited to an unjustifiable beating and false arrest as fully alleged in paragraphs 1-27. This course of conduct by the Defendants was done willfully, maliciously, intentionally, or with reckless disregard, and directly and proximately caused serious injury to the Plaintiff.

        **WHEREFORE**, Plaintiff Sidney Logwood demands compensatory damages against each Defendant, and because the Defendants acted maliciously, willfully and/or wantonly, punitive damages, plus costs, attorney fees, and such other additional relief as this Court deems equitable and just.

## COUNT IV

## (FAILURE TO PREVENT CIVIL RIGHTS VIOLATION

## UNDER 42 U.S.C. SEC 1983)

38.     Plaintiff Sidney Logwood alleges and re-alleges paragraphs 1 through 27 as fully set forth above.

39.     The above stated acts of initiating false charges and violence against the Plaintiff by one of the Defendants was witnessed and encouraged by the other Defendants.

40.     One or more of the Defendant Officers had the opportunity and duty to prevent the violation of the Plaintiff's civil rights by the other Defendants, but failed to do so.

41.     The failure of one or more of the Defendant Officers to prevent the above alleged civil rights violations was the direct and proximate cause of the Plaintiff's injuries.

**WHEREFORE**, Plaintiff Sidney Logwood demands compensatory damages against these Defendants; and because they acted maliciously, willfully, and/or wantonly, punitive damages against them plus attorney's fees and costs, and any additional relief this Court deems equitable and just.

## <u>COUNT V</u>

**(ASSAULT AND BATTERY UNDER ILLINOIS LAW)**

42.     Plaintiff Sidney Logwood alleges and re-alleges paragraphs 1 through 27 as though fully set forth herein.

43.     The acts of the Defendant Officers Rodriguez, Chen, Williams and Clay, as described above, were done maliciously, willfully and wantonly and with such reckless disregard for their natural consequences as to constitute assault and battery under the laws and Constitution of the State of Illinois, and did directly and proximately cause the injuries, pain and suffering of the Plaintiff as alleged above.

**WHEREFORE**, Plaintiff Sidney Logwood demands compensatory damages against Defendant Officers Rodriguez, Chen, Williams and Clay individually; and because they acted maliciously, willfully and/or wantonly, punitive damages against each Defendant Officer, plus attorney's fees and costs, and any additional relief this Court deems equitable and just.

## COUNT VI

## (MALICIOUS PROSECUTION UNDER ILLINOIS LAW)

44.     Plaintiff Sidney Logwood alleges and re-alleges paragraphs 1 through 27 as fully set forth above.

45.     The above prosecution was initiated by the Defendants to harass the Plaintiff.

46.     The Defendants completed false reports and signed complaints against Plaintiff which initiated his prosecution. Defendants further gave false statements against Plaintiff to the prosecutor.

47.      The unjustifiable prosecution was resolved in the Plaintiff's favor and, therefore, said prosecution was in violation of the Illinois law.

48.     The unjustifiable prosecution of the Plaintiff Sidney Logwood was done willfully and wantonly and was the direct and proximate cause of the physical and mental injuries suffered by the Plaintiff.

**WHEREFORE,** Plaintiff Sidney Logwood seeks actual or compensatory damages against Defendant Officers individually, and because the above Defendants acted maliciously, willfully and/or wantonly, Plaintiff demands punitive damages against each Defendant Officer.


## COUNT VII

## (RESPONDEAT SUPERIOR UNDER ILLINOIS LAW AGAINST

## DEFENDANT CITY OF CHICAGO)

49.     Plaintiff Sidney Logwood alleges and re-alleges paragraphs 1 through 27 as fully set forth above.

50.     The aforesaid acts of Defendant Officers Rodriguez, Chen, Williams and Clay in

beating and maliciously prosecuting Plaintiff Sidney Logwood were done within the scope of their employment as Chicago Police Officers. These acts were willful and wanton, and therefore the Defendant City of Chicago, as principal, is liable for the actions of its agents under the doctrine of respondeat superior.

WHEREFORE, Plaintiff Sidney Logwood, demands judgment against Defendant City of Chicago plus costs, and such other additional relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.**

Respectfully submitted,

The Law Office of Standish E. Willis

By: /s/Standish E. Willis_____
        Attorney for Plaintiff

The Law Office of Standish E. Willis
39 S. LaSalle, Suite 1210
Chicago, IL  60605
312-750-1950