IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SIDNEY LOGWOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 11 C 4932 |
| | ) |
| CITY OF CHICAGO, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on the parties' motions in limine. For the reasons stated below, the motions are granted in part and denied in part.

**DISCUSSION**

I. Logwood's Motions in Limine

Plaintiff Sydney Logwood (Logwood) has brought nine motions in limine.

A. Logwood's Motion in Limine Number 1

Logwood requests in motion in limine number 1 (Logwood Motion Number 1)

that the court bar Defendants from using the Chicago Police Department CLEAR system or the Illinois State Police LEADS system to investigate the backgrounds of jurors or to initiate new investigations of witnesses and jurors after the trial begins. Logwood asserts that the use of such systems would give Defendants an unfair advantage in this case. Defendants agree not to run background checks on jurors once a panel has been selected, (Ans. L Mot. 1), and the parties are barred from conducting background checks for jurors once a panel of jurors has been selected. Defendants argue, however, that performing background checks on potential jurors prior to final selection will help Defendants to identify potential biases by jurors not disclosed during the voir dire process. Logwood cites no controlling precedent that holds that parties are barred from running background checks on potential jurors. Therefore, the request to bar such background checks is denied. However, Defendants have also failed to cite any controlling precedent that holds that they are entitled to conduct such background checks. Thus, while such background checks are not barred, the parties are warned that jury selection will proceed in an efficient manner, and no delays will be permitted to conduct background checks for prospective jurors. In addition, if either side discovers during the voir dire process that a prospective juror has been dishonest regarding his or her criminal history, that side is required to immediately seek a side bar to inform the court and opposing

counsel, and the court will entertain a motion to strike the prospective juror for cause.

Logwood also argues that Defendants may run background checks only for jurors of a certain race and violate the principles set forth in *Batson v. Kentucky*, 476 U.S. 79 (1986). The running of background checks for prospective jurors does not necessarily increase the likelihood that prospective jurors will be stricken based on their race and to the extent that Logwood has *Batson* concerns, Logwood will still have the same ability to raise objections based on *Batson* to any peremptory challenges exercised by Defendants, and the court will rule on such objections. *See, e.g., Harris v. Hardy*, 680 F.3d 942, 949 (7th Cir. 2012)(explaining three-step inquiry for *Batson* objections).

In regard to running background checks for witnesses, Logwood cites no controlling precedent barring such background checks, and the request is therefore denied. Both sides are permitted to conduct background checks on witnesses. Based on the above, Logwood Motion Number 1 is granted in part and denied in part.

B.  Logwood's Motion in Limine Number 2

Logwood requests in motion in limine number 2 (Logwood Motion Number 2) that the court bar Defendants from arguing that a verdict against Defendant Officer

Rodriguez, Defendant Officer Chen, Defendant Officer Williams, and Defendant Officer Clay (collectively referred to as "Defendant Officers") would be a blemish upon an otherwise distinguished record of service. Defendants indicate that they do not intend to make such an argument. (Ans. L Mot. 4). Therefore, Logwood Motion Number 2 is denied as moot. The court notes that Defendants do correctly point out that evidence concerning the prior performance record of Defendant Officers may become relevant if Logwood opens the door by attempting to introduce evidence concerning such matters.

C. Logwood's Motion in Limine Number 3

Logwood requests in motion in limine number 3 (Logwood Motion Number 3) that the court bar argument or the introduction of evidence "that attempts to heorize police officers generally." (L Mot. 3, 1). Logwood seeks to bar Defendants from arguing that police officers do not falsely arrest people for no reason, that police officers do not maliciously prosecute people for no reason, that police officers do not use excessive force against people for no reason, that police officers are heroes, that police officers risk their lives every day, that police officers serve and protect the public, that police officers face dangerous situations every day, or that police officers would never risk their careers by engaging in misconduct. Defendants indicate that

4

they do not intend to make any such generalized arguments and indicate that they will limit arguments to the course of conduct taken by Defendant Officers in this case and the reasonableness of such conduct. (Ans. L Mot. 4-7). Defendants correctly point out that some evidence concerning the prior professional experiences of Defendants Officers may be relevant in assessing the reasonableness of their conduct. Therefore, Logwood Motion Number 3 is denied.

### D. Logwood's Motion in Limine Number 4

Logwood requests in motion in limine number 4 (Logwood Motion Number 4) that the court bar argument or the introduction of evidence that Defendant Officers received commendations, awards, or other professional honors. Defendants indicate that they do not intend to make such arguments or introduce such evidence. (Ans. L Mot. 7). Therefore, Logwood Motion Number 4 is denied as moot. The court notes that, as with Logwood Motion Number 2, evidence concerning the prior performance records of Defendant Officers may become relevant if Logwood opens the door by attempting to introduce evidence concerning such matters.

### E. Logwood's Motion in Limine Number 5

Logwood requests in motion in limine number 5 (Logwood Motion Number 5)

that the court bar argument or the introduction of evidence regarding Defendant Officers' financial status, including suggestions that they will endure financial hardship as a result of an award of compensatory damages in a verdict against them. Logwood recognizes that Defendants can introduce such evidence specifically as it relates to an award of punitive damages. (L Mot. 5, 1). Defendants indicate that they do not intend to make such arguments or present such evidence relating to an award of compensatory damages. (Ans. L Mot. 8). Therefore, Logwood Motion Number 5 is denied as moot.

F. Logwood's Motion in Limine Number 6

Logwood requests in motion in limine number 6 (Logwood Motion Number 6) that the court bar argument or the introduction of evidence relating to the circumstances under which Logwood's attorneys were employed or retained, including fee arrangements agreed to by Logwood. Defendants indicate that they do not intend to make such argument or introduce such evidence. (Ans. L Mot. 8). Therefore, Logwood Motion Number 6 is denied as moot. Defendants do argue that in the event that Logwood introduces evidence to show that his attorneys' fees are part of the "measure of damages," Defendants should be allowed to introduce evidence relating to such fees. (Ans. L. Mot. 8). However, the court notes that this

is a Section 1983 case in which attorneys' fees may be sought by a prevailing party pursuant to a fee-shifting statute after the conclusion of the trial. *See, e.g., Zessar v. Keith*, 536 F.3d 788, 795 (7th Cir. 2008); *Hill v. Richardson*, 7 F.3d 656, 657 (7th Cir. 1993). Thus, attorneys' fees will not be at issue at trial.

G. Logwood's Motion in Limine Number 7

Logwood requests in motion in limine number 7 (Logwood Motion Number 7) that the court bar argument or the introduction of evidence indicating that a verdict against Defendants would place a burden upon the public as a whole, cause taxes to be increased, and increase the City of Chicago's (City) budget deficit. Defendants indicate that they do not intend to make such argument or introduce such evidence. (Ans. L Mot. 8). Therefore, Logwood Motion Number 7 is denied as moot.

H. Logwood's Motion in Limine Number 8

Logwood requests in motion in limine number 8 (Logwood Motion Number 8) that the court bar argument or the introduction of evidence indicating that Defendant Officers acted in conformity with general orders, City policies, use of force models, or any other guidelines that are not in the U.S. Constitution. Logwood contends that such evidence is not relevant and is overly prejudicial. Defendants indicate that they

do not intend to introduce evidence concerning specific City general orders, rules, or regulations in a vacuum. Defendants indicate, however, that they will introduce testimony concerning Defendant Officers' training relating to the proper use of force, which may touch indirectly upon orders, rules or regulations. Such evidence is relevant and would not be overly prejudicial to Logwood. Therefore, Logwood Motion Number 8 is denied.

I.  Logwood's Motion in Limine Number 9

Logwood requests in motion in limine number 9 (Logwood Motion Number 9) that the court bar argument or the introduction of evidence relating to Logwood's criminal record. Defendants agree not to introduce evidence concerning Logwood's arrest record unless Logwood opens the door to such maters. (Ans. L Mot. 10). In regard to Logwood's prior convictions, Defendants indicate that they intend to introduce evidence of a 2012 felony conviction for possession of a firearm by a felon, and two 2004 felony convictions for possession of cannabis. Defendants argue that such evidence is relevant to the credibility of Logwood when testifying. Evidence of a witness's prior criminal conviction can be introduced pursuant to Federal Rule of Evidence 609(a)(1), which provides the following:

> (a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction: (1) for a crime that, in the

8

>convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence: (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving--or the witness's admitting--a dishonest act or false statement.

Fed. R. Evid. 609(a).

Defendants indicate that Logwood's credibility will be a key issue in this case, and that the jury should be allowed to fully assess his credibility based upon his prior convictions. Federal Rule of Evidence 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. In regard to the prior convictions of Logwood at issue, none of the crimes involved any inherent untruthfulness. In addition, two of the convictions occurred almost ten years ago. However, the 2012 conviction for possession of a firearm by a felon is a recent conviction. The record indicates that Defendants' defense is premised upon Defendant Officers' version of events when Logwood was arrested in contrast to Logwood's version of events, as testified to by Logwood. Thus, an assessment of the credibility of Logwood's testimony will be key to the

9

jury's verdict in this case, and evidence that is related in any fashion to Logwood's credibility will have a high probative value. Therefore, the court will bar the admission of Logwood's convictions for cannabis possession and will admit the conviction for possession of a firearm by a felon. The admission of the 2012 conviction for possession of a firearm by a felon will not be overly prejudicial to Logwood. In addition, to limit any prejudice to Logwood, Defendants have agreed to only present evidence of the date of conviction, the crime charged, and the sentence imposed. (Ans. L Mot. 13). Therefore, Logwood Motion Number 9 is granted in part and denied in part. The court also notes that if Logwood presents evidence or argument at trial concerning his alleged emotional distress resulting from his contact with police, Logwood will open the door to the introduction of additional evidence by Defendants relating to his prior convictions.

II. Defendants' Motions in Limine

Defendants have brought fourteen motions in limine.

A. Defendants' Motion in Limine Number 1

Defendants request in motion in limine Number 1 (Defendant Motion Number 1) that the court bar argument that the jury should send the City a message with its

verdict or that the jury should punish the City with a verdict. Logwood does not oppose the motion. (Ans. D Mot. 1). Therefore, Defendant Motion Number 1 is granted.

### B. Defendants' Motion in Limine Number 2

Defendants request in motion in limine number 2 (Defendant Motion Number 2) that the court bar non-party witnesses from the court room. Logwood does not oppose the motion. (Ans. D Mot. 1). Therefore, Defendant Motion Number 2 is granted.

### C. Defendants' Motion in Limine Number 3

Defendants request in motion in limine number 3 (Defendant Motion Number 3) that the court bar argument or evidence regarding improper conduct by police officers that are not parties in this case. Logwood does not oppose the motion. (Ans. D Mot. 1-2). Therefore, Defendant Motion Number 3 is granted.

### D. Defendants' Motion in Limine Number 4

Defendants request in motion in limine number 4 (Defendant Motion Number 4) that the court bar argument or evidence regarding a "Code of Silence" or a "Blue

Wall," or any suggestion that Chicago Police Officers generally cover up for other officers. Logwood agrees not to make any generalized arguments regarding such matters or use phrases such as "Code of Silence." (Ans. D Mot. 1-4). Therefore, Defendant Motion Number 4 is granted. The court notes that Logwood indicates that he intends to argue and present evidence to show that certain officers were biased in favor of their fellow officers in this case. Such arguments and evidence relating to the conduct of specific officers involved in this case are permitted.

E. Defendants' Motion in Limine Number 5

Defendants request in motion in limine number 5 (Defendant Motion Number 5) that the court bar argument or evidence regarding violations of City Police Department rules, policies, regulations, and general orders. Defendants argue that such evidence is not material to establishing a constitutional violation or willful and wanton conduct. Logwood opposes the motion, contending that in evaluating the reasonableness of Defendant Officers' conduct, facts relating to their training are relevant. As the court found above in regard to Logwood Motion Number 8, evidence relating to Defendant Officers' training is admissible. At trial, Defendants will be able to cross-examine witnesses and present evidence to show that the mere fact that a rule, policy, regulation, or general order was not followed does not

establish that a constitutional violation occurred or that Defendant Officers acted in a willful and wanton fashion. Therefore, Defendant Motion Number 5 is denied.

### F. Defendants' Motion in Limine Number 6

Defendants request in motion in limine number 6 (Defendant Motion Number 6) that the court bar argument or evidence regarding other civil lawsuits and/or the disciplinary histories of Defendant Officers. Logwood indicates that he does not object to the motion, as long as Defendants do not argue that a verdict against Defendant Officers would tarnish an otherwise unblemished history. (Ans. D Mot. 4). As indicated in regard to Logwood Motion Number 2, Defendants indicate that they do not intend to make such an argument. (Ans. L Mot. 4). Therefore, Defendant Motion Number 6 is granted.

### G. Defendants' Motion in Limine Number 7

Defendants request in motion in limine number 7 (Defendant Motion Number 7) that the court bar evidence or argument relating to the Independent Police Review Authority investigation, including the nature and quality of the investigation. Logwood does not oppose the motion. (Ans. D Mot. 5). Therefore, Defendant Motion Number 7 is granted.

### H. Defendants' Motion in Limine Number 8

Defendants request in motion in limine number 8 (Defendant Motion Number 8) that the court bar evidence or argument relating to City Police Department personnel being paid by the City to appear in court and testify. Logwood does not oppose the motion. (Ans. D Mot. 5). Therefore, Defendant Motion Number 8 is granted.

### I. Defendants' Motion in Limine Number 9

Defendants request in motion in limine number 9 (Defendant Motion Number 9) that the court bar Logwood's counsel from creating adverse publicity against Defendants. Logwood does not oppose the motion. (Ans. D Mot. 5). Therefore, Defendant Motion Number 9 is granted.

### J. Defendants' Motion in Limine Number 10

Defendants request in motion in limine number 10 (Defendant Motion Number 10) that the court bar evidence or argument indicating that Defendant Officers may be indemnified by the City for a compensatory damages award. Logwood does not oppose the motion. (Ans. D Mot. 5-6). Therefore, Defendant

Motion Number 10 is granted.  The court notes that Logwood argues that if Defendants open the door by arguing that Defendant Officers are financially unable to pay a compensatory damages award, evidence relating to indemnification will become relevant.  If Defendants open that door, Logwood may raise the issue at a sidebar and the court will revisit this issue.

K.  Defendants' Motion in Limine Number 11

Defendants request in motion in limine number 11 (Defendant Motion Number 11) that the court bar evidence or argument indicating that the City improperly trains or disciplines officers or improperly investigates the misconduct of officers or has improper polices and procedures.  Logwood does not oppose the motion.  (Ans. D Mot. 6).  Therefore, Defendant Motion Number 11 is granted.

L.  Defendants' Motion in Limine Number 12

Defendants request in motion in limine number 12 (Defendant Motion Number 12) that the court bar evidence or argument relating to settlement negotiations in this case.  Logwood does not oppose the motion.  (Ans. D Mot. 6).  Therefore, Defendant Motion Number 12 is granted.

### M. Defendants' Motion in Limine Number 13

Defendants request in motion in limine number 13 (Defendant Motion Number 13) that the court bar evidence or argument indicating that non-party officers engage in misconduct. Logwood does not oppose the motion. (Ans. D Mot. 7). Therefore, Defendant Motion Number 13 is granted.

### N. Defendants' Motion in Limine Number 14

Defendants request in motion in limine number 14 (Defendant Motion Number 14) that the court bar evidence or argument indicating that Defendants had a racial motivation. Logwood does not oppose the motion. (Ans. D Mot. 7). Therefore, Defendant Motion Number 14 is granted.

## CONCLUSION

Based on the foregoing analysis, Logwood Motion Numbers 1 and 9 are granted in part and denied in part. Logwood Motion Numbers 2, 3, 4, 5, 6, 7, and 8 are denied. Defendant Motion Numbers 1, 2, 3, 4, 6, 7, 8, 9, 10, 11, 12, 13, and 14 are granted. Defendant Motion Number 5 is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: April 4, 2013